IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CECIL L. MUHAMMAD | * | |
| Petitioner, | | |
| v. | * | CIVIL ACTION NO. JKB-14-2583 |
| UNITED STATES PAROLE COMMISSION | * | |
| PAUL HOWARD | | |
| ISSAC FULWOOD | * | |
| ALFONSO ASHMEAD | | |
| Respondents. | * | |

*****

MEMORANDUM

Cecil L. Muhammad ("Muhammad") is being held at the Central Detention Facility (District of Columbia ("D.C.") Jail). On August 14, 2014, the court received for filing Muhammad's 28 U.S.C. § 2241 petition for habeas corpus relief. Affording this self-represented petition a generous construction pursuant to the dictates of *Haines v. Kerner,* 404 U.S. 519 (1972), the petition alleges that in November of 2009, United States Parole Commission Hearing Examiner Paul Howard (1) conducted a hearing without affording Muhammad the right to confront witnesses; (2) abused his discretion by going outside the guideline range when deciding the amount of time Muhammad should serve before his release; and (3) illegally utilized a falsified[1] incident report to "prosecute" Muhammad. ECF No. 1, pp. 1-2. Muhammad seeks release from confinement. *Id*., p. 2.

District courts are required to screen all civil cases brought by inmates. *See McGore v. Wrigglesworth,* 114 F.3d 601, 608 (6th Cir. 1997). In conducting this review, courts should examine venue and jurisdiction, identify any cognizable claims, and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. The screening is necessary to determine whether

---

[1] Muhammad maintains that Investigator Alphonso Ashmead falsified the incident report.

defendants/respondents should be required to respond to the action.

The undersigned observes that jurisdiction over this habeas corpus petition lies in the federal district court where Muhammad's custodian is located. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004) (confirming that proper respondent in habeas action is a petitioner's warden); *Stokes v. United States Parole Comm'n*, 374 F.3d 1235, 1239 (D.C. Cir. 2004) (district court "may not entertain a habeas petition involving present physical custody unless respondent custodian is within its territorial jurisdiction"). After *Padilla*, a court may only entertain a habeas petition involving current physical custody if the immediate custodian is within that court's jurisdiction. Muhammad filed this action while confined at the Central Detention Facility (D.C. Jail). He is not confined in Maryland. Given these circumstances, this court has no personal jurisdiction to adjudicate his 28 U.S.C. § 2241 petition. The court will dismiss the petition without prejudice by separate Order. Assuming he has set out viable grounds under § 2241, Muhammad may refile his petition, along with the $5.00 filing fee or indigency motion, in the United States District Court for the District of Columbia, E. Barrett Prettyman United States Courthouse, 333 Constitution Avenue, N.W., Washington, D.C. 20001.[2]

Date: August 22, 2014.                    /s/
                                          James K. Bredar
                                          United States District Judge

---

ECF No. 1, p. 2.

[2] Muhammad may already be aware of this jurisdictional issue. He asserts that he is "not getting the proper law in the United States District Court of the District of Columbia, Washington, D.C." ECF No. 1, p. 1. A review of the PACER docket, however, shows that civil actions filed by Muhammad were transferred out of the United States District Court of the District of Columbia to other jurisdictions based upon the lack of personal jurisdiction. *See Muhammad v. United States*, Civil Action No. F-11-3268 (W.D.N.C. 2011); *Muhammad v. Miner, et al*, Civil Action No. D-10-2221 (E.D.N.C. 2010).